IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY MCCALL, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-1282 |
| | : | |
| U.S. POSTAL SERVICE, *et al.*, | : | |
|    *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                                  **APRIL 3, 2020**

Pro se Plaintiff Tiffany McCall moves to proceed *In Forma Pauperis* (ECF No. 1). Because it appears that McCall is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, McCall's Complaint will be dismissed with prejudice as frivolous.

I[1]

McCall invokes federal question jurisdiction, and asserts that her claim arises under 18 U.S.C. §1703. (ECF No. 2 at 2.)[2] She alleges that her U.S. mail has been intentionally delayed by a United States Postal Service employee. (*Id.*) According to the Complaint, in February, 2018 at the U.S. Post Office at Brookhaven, McCall presented 2 pieces of mail to U.S. Postal clerk "Sharon" to be weighed. (*Id.* at 4.) Sharon weighed the mail and advised McCall of the cost, which she paid. (*Id.*) Two weeks later, both pieces of mail were returned to McCall for insufficient postage. (*Id.*).

---

[1] The allegations set forth in this Memorandum are taken from McCall's Complaint.

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

McCall contacted Sharon for an explanation and was told that the scale was not working properly. Sharon also admitted that she had been aware of the problem for some time and apologized to McCall. McCall reported the malfunction to Sharon's supervisor. (*Id.*)

On May 10, 2018, McCall mailed a Mother's Day card; Sharon told her to expect delivery by May 12. The card did not arrive on time. McCall was later told that the item was lost. It was subsequently delivered a week late. (*Id.* at 4-5.)

On September 20, 2018, McCall received a notice to pick up certified mail from the Brookhaven station. (*Id.* at 5.) On September 21, she went to retrieve it and was told by Sharon that it was not at the Brookhaven station and that McCall should call the Chester Post Office. (*Id.*) McCall called Chester and was told that the mail in question was at the Brookhaven station. McCall contacted a supervisor at Brookhaven and was told that Sharon had found the item and that it would be delivered to McCall's home. (*Id.*). This did not occur and, ultimately, the item was returned to the sender on October 1, 2018. (*Id.*) McCall alleges that she has contacted United States Postal Service executives about the foregoing, to no avail. (*Id.*)

McCall alleges she has suffered severe emotional distress as a result of the conduct described. (*Id.* at 7.). She seeks $150,000 in compensatory damages. (Id.)

II

The Court will grant McCall leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis in either law or

2

fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As McCall is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

McCall purports to state a claim pursuant to 18 U.S.C. §1703. (ECF No. 2 at 2.). The statute provides in part:

> Whoever, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. §1703(a). The Court understands McCall to be alleging that Sharon violated §1703(a), thereby entitling McCall to recovery of compensatory damages. However, criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. Of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210233, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not

3

provide a basis for civil liability."), *aff'd*, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019).

Section 1703 is no exception to this general rule. *See Brett v. Wingate*, Civ. A. No. 15-2438, 2016 WL1458941, at *3-4 (M.D. Pa. Mar. 22, 2016) (dismissing as frivolous a claim under 18 U.S.C. §1703) (citing *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) (concluding there is no private right of action under 18 U.S.C. §1703)). Because McCall's claim is based on an indisputably meritless legal theory, it must be dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2)(b)(i).

IV

For the foregoing reasons, the Court will grant McCall leave to proceed *in forma pauperis*, and dismiss her Complaint as frivolous. McCall will not be granted leave to amend, because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**